## Dennis v. First State Bank of Elkhorn City.

(Decided June 7, 1921.)

### Appeal from Pike Circuit Court.

1. Banks and Banking—Overdraft of Insolvent Customer—Liability of Cashier.—The cashier of a bank who permits a customer to overdraw his account, knowing at the time the customer to be insolvent, and a non-resident of this state, and without property therein subject to execution, is liable to the bank for the overdraft.

2. Banks and Banking—Officers and Agents—Rights and Liabilities. —The cashier of a bank who discounts à note, knowing that the principal and sureties therein are all insolvent, is liable to the bank therefor.

3. Banks and Banking—Failure to Protest Note.—The failure of the cashier of a bank to have protested at the proper time a note, whereby the endorsers thereon are released, is liable to the bank if loss results to it.

PICKLESIMER & STEELE for appellant.

J. E. CHILDERS for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER— Affirming.

This is an action by the plaintiff bank against the defendant Dennis, its former cashier.

The original petition alleged that the defendant, while he was such cashier, permitted one Johnson to overdraw his account in said bank in the sum of three hundred dollars, and also accepted a note in the sum of three hundred dollars from said Johnson, and that neither the note nor the overdraft had been paid by the said Johnson, or by any one for him, and that neither of them was collectible. It was alleged that at the time of these transactions it was against the rules of the bank, and against the contract of employment of defendant as such cashier, to permit overdrafts, and that it was agreed that should he as such cashier permit overdrafts, he was to be personally liable to the bank for the full amount of the same. And it was further alleged that, under the contract of employment of defendant as cashier, and under the law and custom in force at the time, the defendant had no right or authority to loan money on a note unless the loan was approved by its board of directors. And it was, in sub-

stance, alleged that the defendant, in violation of his contract of employment, and of the law and custom in force at the time, permitted Johnson by the overdraft and by discounting his three hundred dollar note, to become indebted to the bank in the sum of six hundred dollars, neither of which sums has ever been collected or can be collected.

It is further alleged that during the defendant's incumbency as cashier he negligently failed to cause to be protested a note for one hundred dollars executed by one Bowling, and endorsed by certain other parties, and that because of such negligent failure to protest, payment could not be enforced against the endorsers, and the note was not collectible as against Bowling.

An answer seems to have been filed to the original petition, but was lost, and there is an agreement of record traversing its allegations.

Subsequently, however, an amended petition was filed, wherein it was alleged that the man Johnson, whom the defendant permitted to overdraw his account, was at the time both insolvent and a non-resident of this state, and had no property in this state subject to execution, and that these facts were either known to the defendant or could have been known to him by the exercise of ordinary diligence.   It was further alleged that the overdrafts and notes, executed by Johnson and discounted by the bank, are not now collectible, and never were at any time collectible by the bank, and that the principal and sureties in the note were at all times insolvent and that this fact was known to the defendant, or could have been found out by him by the exercise of diligence.   It was further alleged in the amendment that, during the period defendant was cashier of the bank, there was in force a resolution adopted by the bank, the existence of which was known to the defendant, whereby the cashier was to be held responsible for all loans and discounts not authorized or directed by the board of directors, and that neither of the loans to Johnson was so authorized or directed by the board of directors, or any of them.

The allegations of this amendment, so far as the record discloses, were undenied.

The action was originally brought in equity and was prepared and tried out as an equitable action without objection.   After the taking of all the evidence, the cause was submitted, and the court entered a judgment against

the defendant for seven hundred dollars, being the amount of the three hundred dollar Johnson note discounted by the cashier, the three hundred dollar note accepted by the cashier to cover the overdraft, and the one hundred dollar Bowling note which the defendant failed to have protested.

It is apparent that under the state of the pleadings there could have been no other judgment as to the two Johnson transactions, for the allegations of the amendment, which are undenied, are that the defendant, knowing Johnson to be insolvent, and knowing him to be a non-resident, and knowing that he had no property in this state subject to execution, and knowing that the sureties or endorsers on his said note were each insolvent, was negligent in contracting such an obligation for the bank; and under those undenied allegations it is immaterial whether he had authority to make such loans or not. For if he had such authority, it was unmistakable negligence to contract such debts for the bank.

As to the failure to have the Bowling one hundred dollar note protested, it is sufficient to say that the defendant in his evidence practically admits his negligence in that respect and avows his willingness to be held responsible for that amount.

Notwithstanding the state of the pleadings, the case was tried out on its merits, and it may not be improper to say that we have fully examined the evidence and approve the judgment of the chancellor.

The judgment is affirmed.